UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00460-MOC

| RONALD GENE KISER, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| Vs. | ) | INITIAL SCREENING and ORDER |
| | ) | OF DISMISSAL |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court for purposes of conducting an initial screening of petitioner's Motion to Vacate, Set Aide, or Correct a Sentence by a Person in Federal Custody.

**FINDINGS and CONCLUSIONS**

**I.    Initial Review**

The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255, is appropriate.

First, the court finds that the petition has been signed under penalty of perjury,[1] Rule 2(b)(5), Rules Governing Section 2255 Proceedings, or has been signed by counsel.

Second, the court finds that petitioner has asserted that jurisdiction exists and/or that this petition has been timely filed under § 2255(f), which may require further review.

Third, petitioner has asserted a colorable claim for relief under § 2255(a), and has made

---

[1]    If petitioner has not signed his motion under penalty of perjury, petitioner shall do so within 14 days of receipt of this Order.

1

the following contentions:

    I.      Petitioner's guilty plea was unintelligent, unknowing and involuntary.

    II.     Petitioner received ineffective assistance of counsel at sentencing as court-appointed counsel failed to present significant evidence in mitigation.

The respondent will not be required to respond to these contentions inasmuch as the court has determined that they are frivolous as discussed below.

## II.    Frivolousness

Having found that the petition is likely timely and that petitioner has expressed claims, the court has conducted a further review for patent frivolousness of each claim.

### A.    Involuntary Plea

"[B]ecause courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," when a defendant makes "solemn declarations in open court affirming a plea agreement," this testimony carries "a strong presumption of verity." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The Fourth Circuit has held that "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221-22 (citation omitted).

Petitioner does not allege that the Rule 11 was conducted improperly and petitioner has failed to allege any conduct by his counsel at the plea hearing that would circumvent the preclusive effect of Lemaster. It further appears that, based on a review of all the materials of record, petitioner was not an "un-counseled defendant" and has not provided any evidence that

he lacked the capacity to either enter into a knowing and voluntary plea or to provide the court with truthful answers. Absent "extraordinary circumstances," none of which have been alleged and none of which appear from a review of the record or in the PSR, prevailing law provides that once the truth of the sworn statements made during a Rule 11 colloquy is established, any § 2255 request that would conflict with those averments should be summarily dismissed. Id. In this case, this court at sentencing asked petitioner very specific questions concerning the taking of his plea, and in no respect did petitioner equivocate or make any reference to being coerced into taking a plea:

> THE COURT: Okay. Thank you. Do you remember being placed under oath at that time?
>
> DEFENDANT KISER: Yes, sir.
>
> THE COURT: Do you remember answering the questions of the judge?
>
> DEFENDANT KISER: Yes, Your Honor.
>
> THE COURT: Do you remember signing a plea transcript form indicating your answers were true and correct at the time they were given?
>
> DEFENDANT KISER: Yes, Your Honor.
>
> THE COURT: Were your answers true and correct when you answered the magistrate judge questions?
>
> DEFENDANT KISER: Yes, Your Honor.
>
> THE COURT: If you were to ask you those same questions today, would your answers be the same?
>
> DEFENDANT KISER: Yes, Your Honor.
>
> THE COURT: Counsel, do you believe your client understood fully the questions asked by the magistrate judge at the Rule 11 hearing?
>
> MR. ADOLF: Yes, Your Honor.
>
> THE COURT: Mr. Kiser, did you answer the questions the way you did

> and are you going forward with your guilty plea today because you did commit the crime you're pleading guilty to?
>
> DEFENDANT KISER: Yes, sir.
>
> THE COURT: Then based upon those representations and answers given by the defendant at the Rule 11 hearing before the magistrate judge, the Court affirms the magistrate judge's finding that the defendant's plea as knowingly and voluntarily made. The Court affirms the magistrate judge's finding that the defendant understood of the charges, the potential penalties and the consequences of his plea. Accordingly, the Court affirms the magistrate judge's acceptance of the defendant's plea of guilty at the Rule 11 hearing.

United States v. Kiser, 3:11cr229, Sentencing Transcript (#30) at 2-3. Thus, the court concludes that petitioner's first contention is frivolous as LeMaster barred and such claim will be dismissed. Lemaster, 403 F.3d at 221–22 ( holding that a "district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements").

**B.  Ineffective Assistance Based on Failure to Present Evidence in Mitigation at Sentencing**

In considering whether petitioner has stated a non-frivolous claim for ineffective assistance of counsel at sentencing, the court has reviewed in its entirety the Plea Agreement and the sentencing transcript. In the plea, petitioner and respondent agreed to a stipulated high-end of the guidelines sentence. Counsel explained at sentencing why petitioner has stipulated to such a sentence:

> MR. ADOLF: Mr. Kiser was originally charged with distribution. As Your Honor is well aware, distribution doesn't necessarily mean you have to sell child pornography or create it and distribute it in any manner like that. That it's sufficient for the law if the jury were to believe that he had a program on his computer where he would download it and the computer allowed others remotely to share what was on his computer. And in this case my recollection of the evidence is

that there's some sort of registry that people can go to to find what computers these kinds of images are stored on using this particular program, and can retrieve it. And the agents found his computer on the registry; attempted to download an image. I don't think they were successful doing it. But nonetheless that led to the investigation, led to them coming and talking to him and him admitting he had all this on the computer and finding it.

The government obviously indicted him and was prepared to go to trial on distribution.

It was felt that from our perspective, I know from Mr. Slawinski and then for myself, that we had to try the case on the distribution. The government's proof consisted of the fact that he download a program widely available on an internet file sharing program. And when you download it, a program that advertises and allows you to get free movies, free videos, free TV shows, music, things of that nature, and, of course, there's pornography on there. When you install that on a computer, you have to click through a bunch of "okay, okay, okay," looking at what the terms and agreements and how it works. If you sit and read all of those, what you realize is you're allowing other people to essentially use your computer. You're allowing your computer to be a storage device basically for the world; for anyone else who has this program to upload programs.

I felt good going to trial that it would be clear that Mr. Kiser didn't really understand that his computer was being used as distribution. He just clicked "okay, okay, okay" a number of times and he's not a particularly sophisticated computer user, that this is just something that was on his computer and he was using it to get this stuff and he didn't understand that it was becoming sort of part of the pass of a distribution network.

Be that as it may, in the end what was agreed upon was the government would dismiss that charge, the distribution charge, and in exchange he would end up with a Guideline range

that would be just as if he had been charged from the beginning with possession, but in exchange for that he would agree to be at the high end of the resulting Guideline range.

From his perspective, the way I evaluated it, talked to him about it, was we might be able to win all that at trial. He would still end up with a Guideline range even if he was [acquitted] at higher count that would be higher and statutory maximum, then I would be in a position to try and argue for acceptance of responsibility after trial which might have worked or might not. But in the end the Plea Agreement gave us all of that, with the proviso that he agreed to a high-end Guideline range.

So in weighing the risks and benefits, and in the end what a plea bargain is is both sides making risks and benefits and that's where we come up.

> And so the arrangement Mr. Slawinski came up with the government was agreeing to just the possession but at the high end which ends up being the statutory max and the parties were aware of that. So that's where we were.

Sent. Tr. at 10-12. Thus, while the court was free to reject the plea if it did not agree with the stipulated sentence, counsel for petitioner did in fact put on substantial evidence in mitigation. Indeed, counsel argued petitioner's youth, that he was abused as a child, the fact that he worked and was married, the fact that he received a debilitating head injury causing brain damage and seizures, attempted suicide, and ended up living with his parents. Id. at 13-16. Further, counsel called character witnesses to testify on petitioner's behalf, including his uncle, his mother, and his father.

To establish a claim of ineffective assistance of counsel, a petitioner must allege and then show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984). In order to satisfy the performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id., at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id., at 1290, citing Strickland, 466 U.S. at 697.

In considering the prejudice prong of the analysis, the court must not grant relief solely

because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., (quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993)).

In this case, petitioner's case was in no manner prejudiced by his counsel. Quite the opposite: counsel was highly effective in achieving a very favorable result, to wit, counsel avoided a conviction on the distribution count, which would have resulted in much more severe punishment. Further, petitioner's claim of ineffective assistance of counsel at sentencing is based on contentions that counsel failed to present or argue evidence in mitigation. This simply is not true as counsel both presented substantial evidence in mitigation and made strong arguments in mitigation, as recounted above. Even if petitioner could satisfy the performance prong under Strickland, his claim is completely devoid of any allegation of prejudice as he received the sentence he bargained for in his plea agreement.

At page 15 of his motion, petitioner lists four deficiencies he found with counsel's performance at sentencing. As discussed above, items 2-4 were in fact sufficiently covered by counsel. Petitioner's claim that he would have taken a polygraph that would have suggested to the court that he never abused a child is equally frivolous. Even if the results of such a polygraph were admissible and indicated that petitioner had never harmed a child, see generally United States v. Posado, 57 F.3d 428, 434 (5th Cir.1995), petitioner has not made sufficient allegations of how such a failure to procure and present the results of a polygraph examination would violate the performance prong, much less that such omission caused him any prejudice as he received the sentence he agreed to in his plea agreement.

7

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aide, or Correct a Sentence by a Person in Federal Custody (#1) is **DISMISSED** as frivolous.

Signed: August 15, 2013

Max O. Cogburn Jr.
United States District Judge